UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE, | Case No. 1:25-cv-00755-CDB |
| Petitioner, | ORDER GRANTING REQUEST TO PROCEED UNDER PSEUDONYM AS TO PETITIONER JOHN DOE |
| v. | |
| TONYA ANDREWS, *et al.*, | (Doc. 2) |
| Respondents. | ORDER GRANTING IN PART AND DENYING IN PART PETITIONER'S REQUEST TO FILE DOCUMENTS UNDER SEAL |
| | (Doc. 7) |
| | **5-DAY AND 14-DAY DEADLINES** |

Petitioner John Doe ("Petitioner"), a federal prisoner proceeding by counsel, initiated this action on June 19, 2025, by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Pending before the Court are Petitioner's motion to proceed under pseudonym (Doc. 2) and request and application to seal the petition and supporting documents (Doc. 7). The Court directed Respondents to file a response to the motion and request. (Doc. 9). On July 17, 2025, Respondents filed an opposition to both the pseudonym motion and seal request. (Doc. 12).

///

///

///

1

**Discussion**

  **A. Petitioner's Motion to Proceed Under Pseudonym**

    **a. Governing Law**

"[M]any federal courts, including the Ninth Circuit, have permitted parties to proceed anonymously when special circumstances justify secrecy." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000). "In this circuit…parties [may] use pseudonyms in the 'unusual case' when nondisclosure of the party's identity 'is necessary…to protect a person from harassment, injury, ridicule or personal embarrassment.'" *Id*. at 1067-68 (quoting *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1981)). "[A] district court must balance the need for anonymity against the general presumption that parties' identities are public information and the risk of unfairness to the opposing party." *Id*. at 1068.

The Ninth Circuit has identified three situations in which parties have been allowed to proceed under pseudonyms: "(1) when the identification creates a risk of retaliatory physical or mental harm; (2) when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature; and (3) when the anonymous party is compelled to admit [his or her] intention to engage in illegal conduct, thereby risking criminal prosecution…" *Id*. (citations and internal quotations marks omitted). In evaluating such a request, courts should consider the following factors: (1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; and (3) the anonymous party's vulnerability to such retaliation. *Id.*

"The court must also determine the precise prejudice at each stage of the proceedings to the opposing party, and whether proceedings may be structured so as to mitigate that prejudice … [as well as] decide whether the public's interest in the case would be best served by requiring that the litigants reveal their identities." *Id.* at 1068-69. "To determine whether to allow a party to proceed anonymously when the opposing party has objected, a district court must balance five factors: '(1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears … (3) the anonymous party's vulnerability to such retaliation,' (4) the prejudice to the opposing party, and (5) the public interest.'" *Doe v. Kamehameha Schools/Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1042 (9th Cir. 2010) (quoting *Advanced Textile Corp.* at 1068).

**b. Analysis**

On June 19, 2025, Petitioner filed a motion to proceed under a pseudonym, with redactions. (Doc. 2). Petitioner emailed an unredacted copy of the motion to the undersigned's chambers email inbox. Petitioner separately filed a notice of request to seal documents and emailed the request and said documents to the chambers' inbox. (Doc. 7). The documents to be sealed are organized into 17 exhibits, from Exhibit A to Exhibit Q. *See* (Doc. 5). Petitioner's motion to proceed under pseudonym cites to declarations included as part of the exhibits to be sealed. (Doc. 2 at 4). The Court has reviewed the cited declarations provided by counsel for Petitioner with the request to seal. In brief, Petitioner asserts that disclosure of his identity will place him at risk of physical harm and retaliation.

Respondents oppose Petitioner's motion to proceed via pseudonym. (Doc. 12). Respondents state that Petitioner's previous litigations have been under his true name, including state court criminal proceedings and two Ninth Circuit petitions. *Id.* at 1, 3. Respondents represent that "only some of the Ninth Circuit docket in those cases can be accessed electronically by the public" but that Petitioner's name is not hidden, nor did "Petitioner appear to have asked for this extraordinary measure before that Court." *Id.* Respondents assert that, as this is an immigration case, the record is automatically sealed, "such that the contents of any pleading are not visible to the public via ordinary access." *Id.* at 1-2. Respondents represent that the content of pleadings in this action are not viewable unless documents are "physically request[ed]" from the clerk's office, a "burdensome step," and the purpose of this restriction "is to give the exact measure of protection that Petitioner now seeks." *Id.* at 3. Lastly, Respondents assert that documents Petitioner seeks to introduce are "extraneous to the sole issue raised in this habeas petition, which is whether Petitioner must be released from immigration detention." *Id.* Respondents request the Court to deny the use of a pseudonym or, in the alternative, require use of Petitioner's initials due to increasing "risk of confusion, mis-citation to precedent, and mistakes in processing cases" as a result of more cases authorized to proceed via the name "Doe." *Id.* at 4.

The Court has reviewed the Petitioner's documents in support of the request and finds Petitioner's representations credible regarding the reasons for proceeding under pseudonym herein.

Respondents are correct in asserting that Petitioner used his full name in prior actions in courts within the Ninth Circuit, including an immigration appeal and habeas action and appeal. And courts in this circuit have denied requests to proceed under pseudonym where the moving party's identity was already public on the docket. *See*, *e.g.*, *Hinckley v. All Am. Waste Servs. Inc.*, No. CV-25-00927-PHX-SHD, 2025 WL 1940001, at *5 (D. Ariz. July 15, 2025) (collecting cases and denying pseudonym where plaintiff filed her motions and complaint using her full name).

However, the dockets in said actions filed by Petitioner within the Ninth Circuit are restricted and, thus, less accessible than standard public filings. Additionally, the Court cannot readily ascertain whether the facts set forth therein by Petitioner substantially overlap with representations in the instant action, particularly regarding Petitioner's status as an asylum seeker. Petitioner's identity is not yet public in the instant action, even if it may be public a matter of public record in other actions. *See Doe v. Andrews*, No. 1:25-CV-00506-SAB-HC, 2025 WL 1856591, at *3 (E.D. Cal. June 26, 2025) (collecting cases and granting immigration detainee's pseudonym request where respondent opposed, including on grounds that underlying federal criminal proceedings were public).

Further, the record in immigration cases such as this is not sealed as set forth in Local Rule 141(a) but, rather, restricted. As Respondents concede, when restricted, documents can still be acquired through public computer terminals in the courthouse. By contrast, sealed documents are accessible only by "the Court and authorized court personnel." E.D. Cal. L.R. 141(a); *see Doe v. Becerra*, No. 2:25-CV-00647-DJC-DMC, 2025 WL 691664, at *7 n.5 (E.D. Cal. Mar. 3, 2025) ("… Respondents erroneously stated that this matter is under seal pursuant to Local Rule 141. This is incorrect. This matter is not under seal and Local Rule 141 does not provide for automatic sealing of immigration actions … access to civil immigration cases such as this one is restricted, but documents are still viewable by the public via public terminals."); *see also Doe v. Bostock*, No. C24-0326-JLR-SKV, 2024 WL 1156312, at *2 (W.D. Wash. Mar. 18, 2024) (granting immigration detainee's pseudonym request, noting restricted public access is a consideration against permitting petitioner to proceed anonymously, but finding "any such considerations outweighed" by, *inter alia*, petitioner's filings containing sensitive personal matters, her assertions of danger, and her

1  incarceration).

2  Respondents have not identified in their opposition any actual, threatened, or risk of prejudice that could result from Petitioner's use of a pseudonym, aside from risks of confusion arising from the increasing number of cases with "Doe" petitioners. However, any such prejudice is minimal, as Respondents may employ other organizational methods, including, for instance, through use of the unique case number associated with this action as an identifier. Lastly, Petitioner provides in his request that his name, location, and identifying number will be disclosed to Respondents.

9  While the Court is mindful of the public's interest in knowing the identity of the parties, after reviewing the record and considering the nature of the potential harm, the reasonableness of Petitioner's fears, Petitioner's vulnerability to retaliation as provided in the petition and request, and any potential prejudice to Respondents as well as the public's interest in this action, the Court finds that, at this early stage of the litigation, the Petitioner's need for anonymity outweighs the competing interests. Further, the Court notes that Respondents may challenge Petitioner's use of a pseudonym at a later stage of the action. *See Doe v. Andrews*, No. 1:25-CV-00333-JLT-HBK (HC), 2025 WL 1531684 (E.D. Cal. May 28, 2025) (noting that "Courts regularly grant leave to proceed under a pseudonym in cases related to asylum proceedings," collecting cases, and granting immigration detainee's pseudonym request) (citing 8 C.F.R. § 208.6); *see also Doe v. Andrews*, No. 1:25-CV-00680-SKO (HC), 2025 WL 1636053, at *1 (E.D. Cal. June 9, 2025) (granting immigration detainee's pseudonym request, finding no prejudice to Respondent, and noting "Petitioner … applied for protection under the Convention Against Torture. He fears persecution and retaliation from a criminal gang … he is aware that individuals in Jamaica look for information about him online. Petitioner's fears are credible and satisfy the first three factors").

**B. Petitioner's Request to Seal**

    **a. Governing Law**

Under the First Amendment, the press and the public have a presumed right of access to court proceedings and documents. *See generally Press-Enterprise Co. v. Super. Ct.*, 464 U.S. 501, 510 (1985); *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016); *cf.*

5

*Olympic Ref. Co. v. Carter*, 332 F.2d 260, 264 (9th Cir. 1964) ("In the federal judicial system trial and pretrial proceedings are ordinarily to be conducted in public."). As a general rule, the public is permitted 'access to litigation documents and information produced during discovery.'" *In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 424 (9th Cir. 2011) (quoting *Phillips v. Gen. Motors Corp.*, 307 F. 3d 1206, 1210 (9th Cir. 2002) and citing *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1103 (9th Cir. 1999)). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. Cty. & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

This presumed right can be overcome if (1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest. *Oregonian Publishing Co., v. U.S. Dist. Court for Dist. of Or.*, 920 F.2d 1462, 1466 (9th Cir. 1990) (citing *Press Enterprise*, 464 U.S. at 510).

### b. Analysis

The Court has considered the factors set forth in *Oregonian Publ'g Co*. in connection with Petitioner's request to seal the petition, motion to proceed by pseudonym, and the entirety of 17 exhibits (Exhibits A-Q), all of which the Court has reviewed. The Court will address the documents sought to be sealed in turn based on their contents.

First, given that Petitioner has filed redacted versions of the petition and motion to proceed by pseudonym, and based on the Court's review of the unredacted versions of these documents Petitioner emailed both to the Court and to counsel for Respondents, the Court finds that, absent closure, the compelling interests identified by Petitioner would be harmed and no additional alternatives to sealing are available. As such, the Court will direct Petitioner to file these documents under seal. *See, e.g., K.U. v. Freden*, No. 25-cv-361-LJV, 2025 WL 1473974, at *5 (W.D.N.Y. May 21, 2025) (noting the petition is a judicial document, that "sealing the petition wholesale would not be the most narrowly tailored relief necessary to safeguard the petitioner's privacy and safety interests," and allowing petitioner to file unredacted petition under seal and redacted petition on the

docket).

Second, as Petitioner will proceed under pseudonym, Petitioner provides no compelling interest, and the Court can locate none, for such a sweeping request as the sealing of all future documents which speak to underlying facts and claims. Insofar as Petitioner's name and identifying characteristics are concerned, the parties will be directed to refer to Petitioner by his pseudonym. Petitioner may request the Court to seal individual documents in the future, setting forth a compelling interest and why alternative measures, such as redaction, are unfeasible or inadequate. *See J.M.H. v. Freden*, No. 24-cv-875-LJV, 2025 WL 81919, at *5 (W.D.N.Y. Jan. 13, 2025) (denying without prejudice "J.M.H.'s motion to seal all future filings that might implicate her safety and privacy interests. J.M.H. may move to seal any particular filing that she believes should be sealed to protect her specific interests … Moreover, this Court already has granted her motion to proceed under a pseudonym … J.M.H. does not identify any reason why that is not sufficient to protect her privacy and safety concerns here …").

Next, the Court considers the exhibits for which Petitioner requests sealing *in toto*. Generally, asylum applications are kept confidential. *Kharis v. Sessions*, No. 18-CV-04800-JST, 2018 WL 5809432, at *3 (N.D. Cal. Nov. 6, 2018) (citing 8 C.F.R. § 208.6). The Court notes that certain exhibits relate to immigration proceedings, in particular Exhibit F, Exhibit G, Exhibit H, Exhibit I, Exhibit J, Exhibit P, and Exhibit Q. As to these exhibits, the Court finds that, in the absence of closure, the compelling interests identified by Petitioner in the request would be harmed and that there are no additional alternatives to sealing the documents that would adequately protect the compelling interests identified by Petitioner. *See Andrews*, 2025 WL 1856591, at *3-4 (noting that "Respondents shall continue to be bound by 8 C.F.R. § 208.6(b) and shall file future filings covered by this order under seal in compliance with Local Rule 141" and granting immigration detainee's request to seal). Thus, the Court will grant the request to seal Exhibit F, Exhibit G, Exhibit H, Exhibit I, Exhibit J, Exhibit P, and Exhibit Q.

Other exhibits appear to involve specific medical information, in particular Exhibit C. Thus, the Court will grant the request to seal Exhibit C. *See Doe v. Barr*, No. 20-CV-02917-JSC, 2020 WL 2733928, at *1 (N.D. Cal. May 26, 2020) (granting request to seal medical records in habeas

1  petition filed by asylum seeker).  Still other documents would require unreasonable amounts of
2  redaction to obtain only limited value to preserving the public's right of access, specifically Exhibit
3  E.  Thus, the Court will grant the request to seal Exhibit E.

4  However, Petitioner has not established why certain other exhibits could not be redacted
5  instead of sealed.  Though the Court acknowledges redaction may place a burden on Petitioner that
6  sealing does not, it appears such burden is justified to reasonably balance the compelling interests
7  identified by Petitioner without sacrificing the public's inherent right to access court filings –
8  specifically as to Exhibit A, Exhibit B, Exhibit D, and Exhibit N.  *See In re Roman Catholic*, 661
9  F.3d at 424 (where good cause favors sealing, "a court must still consider whether redacting
10 portions of the discovery material will nevertheless allow disclosure."); *Al Otro Lado, Inc. v. Wolf*,
11 No. 3:17-cv-02366-BAS-KSC, 2020 WL 4432026, at *5 (S.D. Cal. July 31, 2020) ("Even where
12 good cause is shown, the Court should only seal the information that is necessary to protect a person
13 from harm.") (relying on *In re Roman Catholic*).

14 For instance, Exhibit A is a declaration by Petitioner.  While certain information contained
15 therein may tend to compromise Petitioner's identity (*i.e.*, ¶¶ 1-3), much of the information pertains
16 to Petitioner's general observations and assessment of the conditions at Golden State Annex that
17 could be attributable to most any person confined at that facility.  This is precisely the type of
18 information for which the public's interest of access is at its zenith.  *See Unknown Parties v.
19 Johnson*, No. CV-15-00250-TUC-DCB, 2016 WL 8199309, at *4 (D. Ariz. June 27, 2016) ("In
20 this case, Plaintiffs charge the United States Government with treating people inhumanely. … The
21 Court finds there is a weighty public interest in the disclosure of the record in this case.").

22 As to Exhibit A, Exhibit B, Exhibit D, and Exhibit N, Petitioner's request will be denied.
23 Petitioner will be directed to lodge with the Court, for *in camera* review, proposed, redacted copies
24 of said exhibits, or as to any such exhibit for which Petitioner argues the factors set forth in
25 *Oregonian Publ'g Co*. weigh in favor of sealing *in toto*, a detailed narrative supporting such
26 argument.

27 Yet other exhibits appear to be civil docket pages and court orders from prior actions, in
28 particular Exhibit K, Exhibit L, Exhibit M, and Exhibit O.  Though the filings therein may be

8

substantially restricted, the civil docket pages contain the name of Petitioner and are currently publicly accessible. The same can be said for the court orders, even if they may be restricted and accessibly only from certain terminals. As said exhibits are currently publicly accessible, the Court will deny the request to seal as to Exhibits K, L, M, and O. If Petitioner chooses to file such civil docket pages and court orders in this action, it may not be under seal and, thus, will necessitate disclosure of his identity and a waiver of leave to proceed pseudonymously.

**Conclusion and Order**

Accordingly, it is HEREBY ORDERED:

1. Petitioner's motion to proceed under pseudonym (Doc. 2) is GRANTED. All parties and their counsel shall use the pseudonym "John Doe" in place of Petitioner's legal name in all future pleadings and papers filed in this action.

2. The parties are prohibited from disclosing or publishing the true name of the Petitioner except by order of this Court and as necessary toward the prosecution or defense of the case.

3. Pursuant to 8 C.F.R. § 208.6(b), Respondents SHALL file under seal, in compliance with Local Rule 141, all documents pertaining to underlying immigration proceedings.

4. Pursuant to Local Rule 141 and based upon the representations contained in Petitioner's notice and request to seal (Doc. 7), Exhibit C, Exhibit E, Exhibit F, Exhibit G, Exhibit H, Exhibit I, Exhibit J, Exhibit P, and Exhibit Q, as lodged with the undersigned, shall be SEALED until further order of this Court.

5. As to Exhibit A, Exhibit B, Exhibit D, and Exhibit N, Petitioner's request to seal is DENIED.

6. **Within 14 days** of entry of this order, Petitioner SHALL lodge with the Court proposed redacted copies of Exhibits A, B, D, and N, for *in camera* review, or for any such exhibit for which Petitioner argues the factors set forth in *Oregonian Publ'g Co*. weigh in favor of sealing *in toto*, a detailed narrative supporting such argument.

7. As to Exhibit K, Exhibit L, Exhibit M, and Exhibit O, Petitioner's request to seal is DENIED.

8. **Within five (5) days** of the date of this Order, Petitioner shall submit a copy of this Order, the request for sealing, and the documents to be sealed (the unredacted petition, the unredacted motion to proceed under pseudonym, the unredacted request to seal, and Exhibits C, E, F, G, H, I, J, P, and Q) by email to the Operations Section of the Clerk of the Court:

ApprovedSealed@caed.uscourts.gov

IT IS SO ORDERED.

Dated: __**August 18, 2025**__                    _____
                                                                    UNITED STATES MAGISTRATE JUDGE