UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE, | Case No. 1:25-cv-00755-CDB |
| Petitioner, | ORDER GRANTING RESPONDENT'S REQUEST TO FILE DOCUMENTS UNDER SEAL |
| v. | |
| TONYA ANDREWS, *et al.*, | (Doc. 17) |
| Respondents. | **5-DAY DEADLINE** |

Petitioner John Doe ("Petitioner"), a federal prisoner proceeding by counsel, initiated this action on June 19, 2025, by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). On August 22, 2025, Respondent filed a motion to dismiss the petition, attaching thereto the declaration of Alfonso Sanchez (the "Sanchez Declaration"). (Doc. 16-1). Pending before the Court is Respondent's notice and request to file under seal the exhibits to the Sanchez Declaration. (Doc. 17). Consistent with Local Rule 141, the request and the relevant documents were lodged with the Court for *in camera* review. Respondent's notice (Doc. 17) reflects that the documents to be sealed also were transmitted to counsel for Petitioner.

### Discussion

    **a. Governing Law**

Under the First Amendment, the press and the public have a presumed right of access to court proceedings and documents. *See generally Press-Enterprise Co. v. Super. Ct.*, 464 U.S. 501,

1

510 (1985); *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016); *cf. Olympic Ref. Co. v. Carter*, 332 F.2d 260, 264 (9th Cir. 1964) ("In the federal judicial system trial and pretrial proceedings are ordinarily to be conducted in public."). As a general rule, the public is permitted 'access to litigation documents and information produced during discovery.'" *In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 424 (9th Cir. 2011) (quoting *Phillips v. Gen. Motors Corp.*, 307 F. 3d 1206, 1210 (9th Cir. 2002) and citing *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1103 (9th Cir. 1999)). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. Cty. & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

Where, as here, a party seeks to bar the public from accessing a litigation document in connection with a dispositive motion, this presumed right can be overcome if that party demonstrates "compelling reasons" supported by specific factual findings why sealing the record outweighs the historical preference for disclosure. *Kamakana*, 447 F.3d at 1178-79. The party seeking to seal a judicial record bears the burden of meeting the "compelling reasons" standard, which is a "high threshold." *Kamakana*, 447 F.3d at 1180.

### b. Analysis

As explained in the Court's prior order granting in part and denying in part Petitioner's request to file documents under seal (Doc. 15), asylum applications are generally kept confidential pursuant to statute. *See, e.g., Kharis v. Sessions*, No. 18-CV-04800-JST, 2018 WL 5809432, at *3 (N.D. Cal. Nov. 6, 2018) (citing 8 C.F.R. § 208.6 and noting that "there are compelling reasons to keep this particular information confidential, given the sensitive nature of asylum applications alleging fear of persecution or harassment."). Certain of the exhibits sought to be sealed here relate to immigration proceedings, in particular Exhibit 1, Exhibit 5, Exhibit 6, Exhibit 7, Exhibit 10, Exhibit 11, Exhibit 12, Exhibit 13, and Exhibit 14. Additionally, though not itself an immigration proceeding, Exhibit 15 includes within it extensive documentation relating to immigration proceedings. As to these exhibits, the Court finds that, in the absence of closure, the compelling interests set forth in the Court's prior order (Doc. 15) and in Respondent's request to seal, namely

Petitioner's need for anonymity, would be harmed and that there are no additional alternatives to sealing the documents that would adequately protect the compelling interests. *See Doe v. Andrews*, No. 1:25-CV-00506-SAB-HC, 2025 WL 1856591, at *3-4 (E.D. Cal. June 26, 2025) (noting that "Respondents shall continue to be bound by 8 C.F.R. § 208.6(b) and shall file future filings covered by this order under seal in compliance with Local Rule 141"). Thus, the Court will grant the request to seal Exhibits 1, 5, 6, 7, 10, 11, 12, 13, 14, and 15.

Other exhibits involve state court proceedings, namely Exhibit 2, Exhibit 3, and Exhibit 4. To protect the compelling interest identified, these documents would require unreasonable amounts of redaction to obtain only limited value to preserving the public's right of access to the documents. Thus, as there are no alternatives to closure, the Court will grant the request to seal Exhibits 2, 3, and 4. Lastly, Exhibit 8 and Exhibit 9 relate to federal court proceedings. Though both Exhibits 8 and 9 contain unrestricted publicly accessible information, to require redaction sufficient to anonymize the information therein would be unreasonable as to Exhibit 8 and result in Exhibit 9 becoming substantially unreadable, and their public filing without redaction would render the Court's orders granting Petitioner's request to proceed under pseudonym, in effect, moot. Thus, as there are no alternatives to closure, the Court will grant the request to seal Exhibits 8 and 9.

**Conclusion and Order**

Accordingly, it is HEREBY ORDERED that:

1. Respondent's request to file documents under seal (Doc. 17) is GRANTED;
2. Pursuant to Local Rule 141 and based upon the representations contained in Respondent's notice (Doc. 17) and request to seal, Exhibits 1 through 15, as lodged with the undersigned, shall be SEALED until further order of this Court; and

///

///

///

3. **Within five (5) days** of the date of this Order, Respondent shall submit a copy of this Order, the request for sealing, and the documents to be sealed (Exhibits 1 through 15) by email to the Operations Section of the Clerk of the Court:

ApprovedSealed@caed.uscourts.gov

IT IS SO ORDERED.

Dated:   **September 26, 2025**                    _____
UNITED STATES MAGISTRATE JUDGE