UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE, | Case No. 1:25-cv-00755-CDB |
| Petitioner, | ORDER GRANTING PETITIONER'S REQUEST TO FILE DOCUMENTS REDACTED AND UNDER SEAL |
| v. | |
| TONYA ANDREWS, *et al.*, | (Doc. 24) |
| Respondents. | **5-DAY DEADLINE** |

Petitioner John Doe ("Petitioner"), a federal prisoner proceeding by counsel, initiated this action on June 19, 2025, by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). On August 22, 2025, Respondent filed a motion to dismiss the petition. (Doc. 16). On September 22, 2025, Petitioner filed a redacted opposition and traverse, attaching thereto the declaration of counsel Kelsey Ann Morales (the "Morales Declaration") with numerous exhibits, some of which are redacted and others which are not publicly accessible. (Doc. 23). Pending before the Court is Petitioner's notice and request to file under seal the opposition/traverse and certain exhibits to the Morales Declaration. (Doc. 24). Consistent with Local Rule 141, the request and the relevant documents were lodged with the Court for *in camera* review. Petitioner's notice (Doc. 24) reflects that the documents to be redacted or sealed also were transmitted to counsel for Respondent.

///

**Discussion**

    a. **Governing Law**

Under the First Amendment, the press and the public have a presumed right of access to court proceedings and documents. *See generally Press-Enterprise Co. v. Super. Ct.*, 464 U.S. 501, 510 (1985); *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016); *cf. Olympic Ref. Co. v. Carter*, 332 F.2d 260, 264 (9th Cir. 1964) ("In the federal judicial system trial and pretrial proceedings are ordinarily to be conducted in public."). As a general rule, the public is permitted 'access to litigation documents and information produced during discovery.'" *In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 424 (9th Cir. 2011) (quoting *Phillips v. Gen. Motors Corp.*, 307 F. 3d 1206, 1210 (9th Cir. 2002) and citing *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1103 (9th Cir. 1999)). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. Cty. & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

Where, as here, a party seeks to bar the public from accessing a litigation document in connection with a dispositive motion, this presumed right can be overcome if that party demonstrates "compelling reasons" supported by specific factual findings why sealing the record outweighs the historical preference for disclosure. *Kamakana*, 447 F.3d at 1178-79. The party seeking to seal a judicial record bears the burden of meeting the "compelling reasons" standard, which is a "high threshold." *Id.* at 1180.

    b. **Analysis**

As explained in the Court's prior orders granting requests to file documents under seal (Docs. 15, 26), asylum applications are generally kept confidential pursuant to statute. *See*, *e.g.*, *Kharis v. Sessions*, No. 18-CV-04800-JST, 2018 WL 5809432, at *3 (N.D. Cal. Nov. 6, 2018) (citing 8 C.F.R. § 208.6 and noting that "there are compelling reasons to keep this particular information confidential, given the sensitive nature of asylum applications alleging fear of persecution or harassment"). Exhibit BB to the Morales Declaration relates to immigration proceedings. The Court finds that, in the absence of closure, the compelling interests set forth in

the Court's prior orders (Docs. 15, 26) and in Petitioner's request to seal, namely Petitioner's need for anonymity, would be harmed and that there are no additional alternatives to sealing the documents that would adequately protect the compelling interests. *See Doe v. Andrews*, No. 1:25-CV-00506-SAB-HC, 2025 WL 1856591, at *3-4 (E.D. Cal. June 26, 2025) (noting that "Respondents shall continue to be bound by 8 C.F.R. § 208.6(b) and shall file future filings covered by this order under seal in compliance with Local Rule 141"). Thus, the Court will grant the request to seal Exhibit BB.

Petitioner seeks to file copies of documents he proposes to be publicly accessible in redacted form: to wit, the opposition/traverse, as well as Exhibits Z, AA, and CC to the Morales Declaration. The Court has reviewed the redacted copies filed by Petitioner on the docket (Docs. 23, 23-1) and, having compared them to the unredacted copies provided for *in camera* review, finds the redactions appropriately tailored to protect the compelling interests at issue. Thus, the Court will grant the request to file under seal the opposition/traverse and Exhibits Z, AA, and CC to the Morales Declaration given that the public will have access to the redacted versions of said documents filed on the docket (Docs. 23, 23-1).

**Conclusion and Order**

Accordingly, it is HEREBY ORDERED that:

1. Petitioner's request to file under seal the opposition/traverse and Exhibits Z, AA, BB, and CC to the Morales Declaration (Doc. 24) is GRANTED.
2. **Within five (5) days** of the date of this Order, Petitioner shall lodge a copy of this Order, the request for sealing, and the documents to be sealed (the opposition/traverse and Exhibits Z, AA, BB, and CC) by email to the Operations Section of the Clerk of the Court:

    ApprovedSealed@caed.uscourts.gov

IT IS SO ORDERED.

Dated:   **September 26, 2025**                               _____
                                                                                   UNITED STATES MAGISTRATE JUDGE